MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EFRAIN PATRICIO GONZALEZ CALLE and
SEBASTIAN LOPEZ ACABAL, *individually and on*
*behalf of others similarly situated,*

<em>Plaintiffs</em>,

-against-

ANGELO OF MULBERRY STREET INC. (d/b/a
ANGELO'S OF MULBERRY STREET),
GIOVANNI APREA, CONCETTA APREA, AND
TINA APREA

<em>Defendants.</em>

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Efrain Patricio Gonzalez Calle and Sebastian Lopez Acabal, individually and

on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Angelo of

Mulberry Street Inc. (d/b/a Angelo's of Mulberry Street) ("Defendant Corporation"), Giovanni

Aprea, Concetta Aprea, and Tina Aprea allege as follows:

## NATURE OF THE ACTION

1.    Plaintiffs are former employees of defendants Angelo of Mulberry Street Inc. (d/b/a Angelo's of Mulberry Street), Giovanni Aprea, Concetta Aprea, and Tina Aprea (collectively, "Defendants").

2.    Defendants own, operate, or control an Italian restaurant located at 146 Mulberry Street, New York, New York 10013 under the name Angelo's of Mulberry Street.

3.    Upon information and belief, individual defendants Giovanni Aprea, Concetta Aprea, and Tina Aprea serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiffs were employed as a cook and busboy. However, Plaintiff Lopez, the busboy, was required to spend a considerable part of his work day performing non-tipped duties, unrelated to his tip work, including but not limited to taking ice to the bar, cleaning the refrigerators, emptying bottles, cutting bread and lemons, cleaning tables, plates and trays, organizing place settings, stocking bread, bringing out and taking in tables, chairs and umbrellas in the summer, taking out the garbage, organizing and stocking table cloths, and bringing up wine and liquor bottles from the basement to the bar (hereinafter the "non-tipped duties").

5.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Lopez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8.      Defendants employed and accounted for Plaintiff Lopez as a busboy in their payroll, but in actuality his duties included a significant amount of time spent performing the non-tipped functions such as those alleged above.

9.      Regardless, at all relevant times, Defendants paid Plaintiff Lopez at a rate that was lower than the required tip-credit rate.

10.     However, under state law, Defendants were not entitled to take a tip credit because Plaintiff Lopez (and other similarly situated employees') non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day. (12 N.Y.C.R.R. §146).

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Lopez's actual duties in payroll records by designating him as a busboy instead of non-tipped employee. This allowed Defendants to avoid paying Plaintiff Lopez at the minimum wage rate and enabled them to pay him at the lower tip-credited rate (which they still failed to do).

12.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per

week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

18.     Plaintiff Efrain Patricio Gonzalez Calle ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Queens County, New York. Plaintiff Gonzalez was employed by Defendants from approximately 2000 until on or about September 2016.

19.     Plaintiff Sebastian Lopez Acabal ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Queens County, New York. Plaintiff Lopez was employed by Defendants from approximately July 2013 until on or about October 2015.

*Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled an Italian restaurant located at 146 Mulberry Street, New York, New York 10013 under the name "Angelo's of Mulberry Street."

21.     Upon information and belief, Angelo's of Mulberry Street Inc. (Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 146 Mulberry Street, New York, New York 10013.

22.     Defendant Giovanni Aprea is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Giovanni Aprea is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Giovanni Aprea possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.     Defendant Concetta Aprea is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Concetta Aprea is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Concetta Aprea possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Tina Aprea is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tina Aprea is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Tina Aprea possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

25.     Defendants operated an Italian restaurant which is located in the Little Italy section of Manhattan in New York City.

26.    The individual defendants, Giovanni Aprea, Concetta Aprea, and Tina Aprea possessed operational control over Defendant Corporation, possessed ownership interests in Defendant Corporation, and controlled significant functions of Defendant Corporation.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

31.    Upon information and belief, individual defendants Giovanni Aprea, Concetta Aprea, and Tina Aprea operated Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

      a.    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

- 7 -

b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

32.  At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.  In each year from 2011 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.  In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Italian restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

- 8 -

35.    Plaintiffs are former employees of Defendants who were employed as a cook and a busboy. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Efrain Patricio Gonzalez Calle*

36.    Plaintiff Gonzalez was employed by Defendants from approximately 2000 until on or about September 2016.

37.    Plaintiff Gonzalez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.    Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

39.    Throughout his employment with Defendants, Plaintiff Gonzalez regularly worked in excess of 40 hours per week.

40.    From approximately May 2011 until on or about September 2016, Plaintiff Gonzalez worked from approximately 8:00 a.m. until on or about 4:00 p.m. three days a week and from approximately 8:00 a.m. until on or about 4:15 p.m. three days a week (typically 60.75 hours per week).

41.    In addition, on at least 15 days per year, Plaintiff Gonzalez worked from approximately 8:00 a.m. until on or about 11:00 p.m.

42.    Throughout his employment with Defendants, Plaintiff Gonzalez was paid his wages in cash.

43.    Throughout his employment with Defendants, defendants paid Plaintiff Gonzalez a fixed salary of $745.00 per week.

44.    Plaintiff Gonzalez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45.    For example, defendants required Plaintiff Gonzalez to work 15 minutes past his scheduled departure time two or three days a week, and did not compensate him for the additional time he worked.

46.    Defendants never granted Plaintiff Gonzalez any breaks or meal periods of any length.

47.    Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48.    Furthermore, Defendants never provided Plaintiff Gonzalez with a statement of wages with each payment of wages, as required by NYLL 195(3).

49.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

50.    Defendants never gave any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Sebastian Lopez Acabal*

51.    Plaintiff Lopez was employed by Defendants from approximately July 2013 until on or about October 2015.

52.    Defendants ostensibly employed Plaintiff Lopez as a busboy.

53.    However, Plaintiff Lopez was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

- 10 -

54.     Although Plaintiff Lopez was ostensibly employed as a tipped worker, he spent over 20% of each day performing non-tip work throughout his employment with Defendants.

55.     Plaintiff Lopez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

56.     Plaintiff Lopez's work duties required neither discretion nor independent judgment.

57.     Throughout his employment with Defendants, Plaintiff Lopez regularly worked in excess of 40 hours per week.

58.     From approximately July 2013 until on or about November 2013, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 12:00 a.m. three days a week and from approximately 5:00 p.m. until on or about 12:00 a.m. two days a week (typically 53 hours per week).

59.     However, for a period of two weeks in September 2013 and from approximately November 2013 until on or about January 2014, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 12:00 a.m. seven days a week (typically 91 hours per week).

60.     From approximately January 2014 until on or about November 2014, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 12:00 a.m. three days a week and from approximately 5:00 p.m. until on or about 12:00 a.m. two days a week (typically 53 hours per week).

61.     However, for a period of two weeks in September 2014 and from approximately November 2014 until on or about January 2015, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 12:00 a.m. seven days a week (typically 91 hours per week).

62.     From approximately January 2015 until on or about October 2015, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 12:00 a.m. three days a week and from approximately 5:00 p.m. until on or about 12:00 a.m. two days a week (typically 53 hours per week).

63.     However, for a period of two weeks in September 2015, Plaintiff Lopez worked from approximately 11:00 a.m. until on or about 12:00 a.m. seven days a week (typically 91 hours per week).

64.     Throughout his entire employment, Defendants did not pay Plaintiff Lopez any wages for his work; instead, Plaintiff Lopez only compensation came from the tips he made each day.

65.     However, from approximately May 2015 until on or about October 2015, defendants required Plaintiff Lopez to sign a document that falsely stated he was earning wages each week.

66.     Plaintiff Lopez's pay did not vary even when he was required to work a longer day than his usual schedule.

67.     For example, defendants required Plaintiff Lopez to continue working 30 minutes to one hour past his scheduled departure time on numerous occasions, and did not pay him for the additional time they required him to work.

68.     Defendants did not grant Plaintiff Lopez any break or meal period when he worked a single shift and only granted a constantly interrupted 15-minute meal break when he worked two shifts.

69.     Defendants never notified Plaintiff Lopez that his tips were being included as an offset for wages.

- 12 -

70.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Lopez's wages.

71.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

72.     Plaintiff Lopez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

73.     Furthermore, Defendants never provided Plaintiff Lopez with a statement of wages with each payment of wages, as required by NYLL 195(3).

74.     Defendants never gave any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.     Defendants required Plaintiff Lopez to purchase tools of the trade with his own funds including three pairs of non-slip shoes, 3 pairs of black dress pants, 8 white dress shirts, 2 vests, and 2 ties.

*Defendants' General Employment Practices*

76.     At all times relevant to this Complaint, Defendants maintains a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

77.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

- 13 -

78.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

79.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

80.    Defendants required Plaintiff Lopez to perform several non-tip-related tasks for over 20% of each work day, in addition to his primary role as a tipped employee.

81.    Plaintiff Lopez was employed ostensibly as a tipped employee, although his actual duties included much greater time spent in non-tipped functions.

82.    Plaintiff Lopez was not even paid at the required lower tip-credited rate by Defendants, however, under state law Defendants were not entitled to a tip credit because Plaintiff Lopez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

83.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day... in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

84.    Plaintiff Lopez's duties were not incidental to his occupation as a tipped employee, but instead constituted entirely unrelated occupations with duties such as those outlined above. While performing these duties, Plaintiff Lopez did not receive tips; therefore, they constituted non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiff Lopez worked in these roles.

- 14 -

85.    In violation of federal and state law as codified above, Defendants classified Plaintiff Lopez as a tipped employee but did not even pay him at the tip-credited rate when they should have classified him as a non-tipped employee and paid him at the minimum wage rate.

86.    In addition, defendants failed to inform Plaintiff Lopez and other employees who receive tips that Defendants intended to take a deduction against their earned wages for tip income, as required by the NYLL before any deduction may be taken.

87.    Defendants failed to inform Plaintiff Lopez that his tips were being credited towards the payment of the minimum wage.

88.    Defendants failed to maintain a record of tips earned by Plaintiff Lopez for the deliveries he made to customers.

89.    Plaintiff Lopez was not paid any wages, and Plaintiff Gonzalez was paid his wages in cash.

90.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

91.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

92.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

93.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former tipped workers.

94.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

95.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

96.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

97.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

98.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

99.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

100.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

101.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**
### **(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

102.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

104.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

105.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

106.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

107.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiffs were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

112.    Plaintiffs were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

115.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

116.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

117.    Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

120.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

121.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

122.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

123.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

124.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

125.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

126.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

127.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

129.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

130.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

131.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

132.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

133.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.    Defendants required Plaintiff Lopez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as non-slip shoes, black dress pants, white dress shirts and vests further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

135.    Plaintiff Lopez was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members)

liquidated damages in an amount equal to 100% of their damages for the amount of unpaid

minimum and overtime wages, and damages for any improper deductions or credits taken against

wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules

and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits

taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of

Hours Wage Order were willful as to Plaintiffs;

(m)     Declaring that Defendants failed to pay Plaintiffs in a timely fashion;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime

wages, and for any improper deductions or credits taken against wages, as well as awarding

spread of hours pay under the NYLL, as applicable;

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime

compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages

- 23 -

pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        May 22, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Michael A. Faillace [MF-8436]
        60 East 42nd Street, suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620

- 24 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

May 19, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Efrain Patricio Gonzalez Calle

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      19 de mayo de 2017

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 19, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                **Sebastian Lopez Acabal**

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                19 de mayo de 2017

*Certified as a minority-owned business in the State of New York*