UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EFRAIN PATRICIO GONZALEZ CALLE and
SEBASTIAN LOPEZ ACABAL, individually
and on behalf of others similarly situated,

                                Plaintiffs,

- against –

ANGELO OF MULBERRY STREET, INC. (d/b/a
ANGELO'S OF MULBERRY STREET), GIOVANNI
APREA, CONCETTA APREA, and TINA APREA,

                                Defendants.
------------------------------------------------------------------x

Index No. 17-CV-3857

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

      This Settlement Agreement and General Release ("Agreement") is made and entered into on the ___ day of May, 2018 by and between Plaintiffs Efrain Patricio Gonzalez Calle and Sebastian Lopez Acabal ("Plaintiffs"), and Angelo of Mulberry Street Inc., and Concetta Aprea ("Defendants," and together with "Plaintiffs," the "Parties").

                                W I T N E S S E T H:

      WHEREAS, Plaintiffs commenced this action against Defendants; and

      WHEREAS, named Defendants Concetta Aprea and Tina Aprea are the same person; and

      WHEREAS, named Defendant Giovanni Aprea is deceased; and

      WHEREAS, the Parties have agreed to fully and finally resolve all claims and potential claims brought by Plaintiff against the Defendant in an effort to avoid the time, costs, and uncertainties associated with litigation;

      NOW, THEREFORE the Parties hereby agree to settle this action under the following terms:

1.      This is a Settlement Agreement and Release ("Agreement") between the Defendants and Plaintiffs in which each of the Plaintiffs voluntarily releases the Released Parties (as defined below) from any and all claims in exchange for the Settlement Payment set forth in paragraph 2 below.

2.  Each Plaintiff's acceptance of this Agreement and Release and discontinuance, with prejudice, of the pending action against Defendants are required as conditions for his receipt of the benefits described herein. In consideration of Plaintiffs' acceptance of this Agreement as shown by their signatures below, Defendants have agreed to pay the sum of Ninety-Two Thousand Five Hundred Dollars ($92,500.00) (hereinafter referred to as "Settlement Payment") in full and final settlement of all claims asserted in this action. Said Settlement Payment shall be paid via checks and allocated as follows:

Thirty-Two Thousand and Sixty-Six Dollars ($32,066.00) to Efrain Patricio Gonzalez Calle;

Twenty-Nine Thousand Six Hundred and One Dollars ($29,601.00) to Sebastian Lopez Acabal;

Thirty Thousand Eight Hundred and Thirty-Three Dollars ($30,833.00) to Michael Faillace & Associates, P.C.

Payments shall be made in accordance with the below schedule:

1. A total of Thirty Thousand Dollars ($30,000.00) paid within 30 days of Court approval of the Settlement of the instant action, paid as follows:

Ten Thousand Four Hundred Dollars ($10,400.00) to Efrain Patricio Gonzalez Calle;

Nine Thousand Six Hundred Dollars ($9,600.00) to Sebastian Lopez Acabal;

Ten Thousand Dollars ($10,000.00) to Michael Faillace & Associates, P.C.

2. A total of Thirty Thousand Dollars ($30,000.00) paid on or before December 31, 2018, paid as follows:

Ten Thousand Four Hundred Dollars ($10,400.00) to Efrain Patricio Gonzalez Calle;

Nine Thousand Six Hundred Dollars ($9,600.00) to Sebastian Lopez Acabal;

Ten Thousand Dollars ($10,000.00) to Michael Faillace & Associates, P.C.

3. A total of Thirty-Two Thousand Five Hundred Dollars ($32,500.00) paid on or before May 31, 2019, paid as follows:

   Eleven Thousand Two Hundred and Sixty-Six Dollars ($11,266.00) to Efrain Patricio Gonzalez Calle;

   Ten Thousand Four Hundred and One Dollars ($10,401.00) to Sebastian Lopez Acabal;

   Ten Thousand Eight Hundred and Thirty-Three Dollars ($10,833.00) to Michael Faillace & Associates, P.C.

   In the event the Court does not approve any portion of the proposed attorneys' fees and legal expenses award, such amount will be distributed to the Plaintiffs equally and will be reported on a Form 1099.

3. In exchange for the payments set forth in paragraph 2, Plaintiffs hereby agree to immediately discontinue, with prejudice, their claims in the action captioned *Efrain Patricio Gonzalez Calle v. Angelo of Mulberry Street Inc., et al.*, 17-CV-3857, filed in the United States District Court for the Southern District of New York. Plaintiffs agree to file the Stipulation of Discontinuance with Prejudice no later than seven (7) days after Court approval of this settlement.

4. In addition, in exchange for the payment set forth in paragraph 2, each Plaintiff hereby unconditionally releases the Defendants, their successors and assigns, and all of their past, present, and future owners, officers, directors, employees, representatives, agents or attorneys (the "Released Parties"), from any and all claims, liabilities, promises, agreements, and lawsuits (including claims for attorneys' fees and costs actually incurred) of any nature arising out of the payment of wages, including but not limited to those relating to the Fair Labor Standards Act and the New York Labor Law, and attorneys' fees or damages in relation thereto (including contract, compensatory, punitive or liquidated damages thereto) or equitable relief, which he has had or which his heirs, executors, or assigns have, against any or all of them, whether known or unknown, on account of or arising out of his employment with Angelo of Mulberry Street Inc. If a specific statute prohibits a waiver of claims thereunder, each Plaintiff hereby acknowledges that he has no valid claim under any such statute and/or that all monies paid hereunder shall be a set-off against any such claim, if a court permits such claim to be asserted.

5. Each Plaintiff hereby affirms and acknowledges that: with the exception of monies due to him pursuant to this Agreement, he has been paid and/or received all compensation, wages, bonuses, benefit payments, expense reimbursements, accrued vacation time, sick days, personal leave, commissions, and/or benefits to which he may be entitled and that no other compensation, wages, bonuses, benefit payments, expense reimbursements, accrued unused vacation time, sick days, personal leave, commissions and/or benefits are due to him from Defendants.

6. Each Plaintiff represents and warrants that no promise or inducement has been offered or made except as herein set forth and that the consideration provided herein is the sole consideration for this Agreement. This Agreement is a complete Agreement and states fully all agreements, understandings, promises and commitments as between the Plaintiffs and the Defendants as to the settlement of all claims. Unless otherwise expressly set forth in this Agreement, it is understood and agreed that this Agreement specifically supersedes any and all prior agreements or understandings, written or oral, between each Plaintiff and the Defendants.

7. The monies set forth in paragraph 2 of this Agreement will be delivered to Plaintiffs' attorneys who shall be responsible for distribution of the settlement funds to each Plaintiff. Plaintiffs agree to hold the Defendants harmless and indemnify them from and against any claims or adverse actions by a party or third-party that may be made against Defendants arising out of or relating to such distribution.

8. Each Plaintiff shall be solely responsible for any taxes associated with any payments issued to him under this Agreement pursuant to an Internal Revenue Service ("IRS") Form 1099. Defendants make no representations or guarantees as to the tax consequence of the Settlement Payments. Each Plaintiff agrees that he will be solely responsible for any tax liability that may arise from any Settlement Payment received by him pursuant to Form 1099, including but not limited to all income, payroll and withholding taxes, interest, penalties, fines, or any other costs that any governmental taxing authority may impose by reason of his receipt of said Settlement Payment. Each Plaintiff agrees to indemnify and hold harmless the Defendants from and against any claims or adverse actions by any governmental taxing authority that may be made against them or arising out of or relating to such Settlement Payments.

9. Nothing contained in this Agreement, or the fact of its submission to Plaintiffs, shall be admissible evidence in any judicial, administrative, or other legal proceeding, or be construed as an admission of any liability or wrongdoing on the part of the Defendants or any violation of federal or state statute, regulation or common law. To that end, the Defendants expressly deny that they engaged in any of the conduct alleged in the complaint in this action.

10. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiffs could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiffs, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

11. Each Plaintiff acknowledges that he has been represented by counsel throughout this action and that he has consulted with his counsel regarding the terms of this Settlement Agreement.

12. The Parties will be responsible for the payment of their own legal fees or costs, if any, incurred in connection with this action and the negotiation and settlement of this Agreement.

13. This Agreement shall be construed and enforced in accordance with the laws of the State of New York without regard to its principles concerning conflict-of-laws.

14. Plaintiffs agree that if any provision(s) contained in this Settlement Agreement and Release are declared illegal, unenforceable or ineffective by a legal forum of competent jurisdiction, such provision(s) shall be deemed severable, such that all other provisions shall remain valid and binding upon the Parties; provided, however, that, notwithstanding this or any other provision of this Settlement Agreement and Release, if any portion of the waiver or release of claims or rights is held to be unenforceable, the Defendants, at their option, may seek modification or severance of such portion and/or terminate the Settlement Agreement and Release and/or consider the Settlement Agreement and Release null and void.

15. Each Plaintiff acknowledges that prior to signing this Agreement he has had the opportunity, and has been advised, to seek the advice of an attorney regarding the waiver of claims and release set forth herein. Each Plaintiff further acknowledges that in signing this Agreement he has not relied on any promise or statement made by the Defendants or by any of their representatives, which is not set forth in this Agreement.

16. Plaintiffs acknowledge that, in the event their primary language is Spanish, this Agreement has been reviewed with them in Spanish in its entirety. Plaintiffs each fully understand all of the terms of this Agreement and voluntarily accepts them by signing below.

17. This Agreement may be executed by scanned signatures and in counterparts, each of which shall be deemed an original but together shall constitute on agreement.

18. Concurrently with the execution of this Agreement, Concetta Aprea shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit A. Defendants shall provide Plaintiffs' counsel with said executed Affidavit of Confession of Judgment bearing original signature. The Affidavit of Confession of Judgment shall be held in escrow by Plaintiffs' counsel. Plaintiffs and Defendants agree that the Court shall retain enforcement jurisdiction to ensure the Parties' compliance with the terms and conditions of this Agreement and expressly consent to the jurisdiction of the Court for such purpose. In the event of a default, which default is not timely cured, Defendants shall be liable to Plaintiffs in the total amount of One Hundred Forty-Thousand Dollars ($140,000.00), less any amounts already paid pursuant to paragraph 2 above. Defendants will be considered in default of this Agreement if they fail to timely deliver to the Plaintiffs' attorney the payment set forth in paragraph 2 of this Agreement and such failure is not cured within seven (7) business days after receipt of written notice to cure any defaults [an

"Event of Default"]. If after seven (7) business days Defendants have failed to cure the default, and an "Event of Default" is deemed to have occurred, the amount of One Hundred Forty Thousand Dollars ($140,000.00), minus any payments made pursuant to this Agreement will immediately become due to the Plaintiffs, and the Plaintiffs may apply to the Court for such relief as well as file the Affidavit of Confession of Judgment. Written notice of such default shall be given to Defendants' Counsel, James P. Clark, Esq., via email transmission at jim@jpclarklaw.com and via First Class U.S. Mail. Upon complete satisfaction of all payments set forth in Paragraph 2, the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiffs' counsel will return the original Affidavit of Confession of Judgment to Defendants' counsel and shall retain no copies of same.

EFRAIN PATRICIO GONZALEZ CALLE

_[signature]_
Date:

SEBASTIAN LOPEZ ACABAL

_[signature]_
Date: 6-26-2018

ANGELO OF MULBERRY STREET INC.

_[signature]_
By:
Date: 6-26-2018

CONCETTA APREA

_[signature]_
Date: 6-26-2018